AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

In the Matter of the Search of )
)
THE PREMISIS LOCATED AT:  6603 Crimson Lane, Barnhart, Missouri, 63012 within the Eastern District of Missouri, a two-story structure with a tan siding and tan brick exterior, with black shutters, a three (3) car garage and a shingle-style roof. The numbers "6603" are clearly displayed on the front porch post. (SEE ATTACHMENT A.)
)
)
)
)
)

Case No.   4:20 MJ   3301 NCC
FILED UNDER SEAL
SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the  EASTERN District of MISSOURI
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before   November 25, 2020    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   U.S. Magistrate Judge Noelle C. Collins  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date and time issued:   11/12/2020 12:00 am  4:08 PM          *Judge's signature*

City and state:     St. Louis, MO            Honorable Noelle C. Collins, U.S. Magistrate Judge
                                                                                      *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: <br> 4:20 MJ  3301 NCC | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

_____

*Printed name and title*

**4:20 MJ 3301 NCC**

## ATTACHMENT A
## DESCRIPTION OF LOCATIONS TO BE SEARCHED

The entire premises located at 6603 Crimson Lane, Barnhart, Missouri, and any person located at the SUBJECT PREMISES.

**A two-story structure with a tan siding and tan brick exterior, with black shutters, a three (3) car garage and a shingle-style roof.  The numbers "6603" are clearly displayed on the front porch post.**



1

4:20 MJ 3301 NCC

## ATTACHMENT B
## ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § § 2251, 2252 and 2252A

a. Computers or storage media used as a means to commit the violations described above.

b. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

c. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

d. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

e. evidence of the lack of such malicious software;

f. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

g. evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

h. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

i. evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

j. evidence of the times the COMPUTER was used;

k. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

l.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
m.  records of or information about Internet Protocol addresses used by the COMPUTER;
n.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; andcontextual information necessary to understand the evidence described in this attachment.
o.  Routers, modems, and network equipment used to connect computers to the Internet.
p.  Child pornography, as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and child erotica.
q.  Records, information, and items relating to violations of the statutes described above including:
r.  Records, information, and items relating to the occupancy or ownership of the SUBJECT PREMISES, 6603 Crimson Lane, Barnhart, MO, including utility and telephone bills, mail envelopes, or addressed correspondence;
s.  Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;
t.  Records and information relating to the identity or location of the persons suspected of violating the statutes described above;
u.  Records and information relating to sexual exploitation of children, including correspondence and communications between users of child pornography and exploitation websites.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

3

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to compel **BRENT MICHAEL LAWSON** to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

(a) any of the DEVICE(S) known to be used by **BRENT MICHAEL LAWSON** that are found at the PREMISES, and

(b) where the DEVICES are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the DEVICES's security features in order to search the contents as authorized by this warrant.

This warrant does not authorize law enforcement personnel to compel any other individuals found at the PREMISES to provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any DEVICE. Further, this warrant does not authorize law enforcement personnel to request that **BRENT MICHAEL LAWSON** state or otherwise provide the password or any other means that may be used to unlock or access the DEVICES, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the DEVICES.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.